**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

_____
                                    )
In re:                              )
                                    )   Chapter 11
ASSOCIATED GROCERS OF MAINE, INC.   )   Case No. 11-11196
                                    )
        Debtor.                     )
_____)

**AGME CUSTOMER GROUP'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT ABSTAIN FROM AND DISMISS THE CASE UNDER 11 U.S.C. § 305(a) WITH INCORPORATED MEMORANDUM OF LAW**

NOW COMES the AGME Customer Group, by and through its undersigned counsel and hereby responds to this Court's Order to Show Cause why the Court should not abstain from and dismiss the case under 11 U.S.C. § 305(a) as follows:

**FACTS**

1. The Debtor, Associated Grocers of Maine, Inc., was a corporation with the purpose of supplying food products to its member/customers; independent, small grocery stores.

2. On or about April 27, 2011, Associated Grocers of Maine, Inc. ceased operations.

3. On or about April 27, 2011, Savings Bank of Maine (hereinafter "SBM") filed a Complaint in the Kennebec County Superior Court seeking to enforce and collect certain indebtedness of the Defendant, Associated Grocers of Maine, Inc. (hereinafter "AGME).

4. According to a Motion for Appointment of a Receiver, filed contemporaneously with the Complaint, AGME consented to the appointment of a receiver in the case.

5. On or about April 27, 2011 the Court entered an Order granting the appointment of James C. Ebbert of Rockland, Maine as Receiver.

6. On or about May 20, 2011, several of AGME's vendors filed a Motion to Intervene in the State Court case.

7. On or about June 7, 2011, the AGME Customer Group filed a Motion to Intervene in the State Court case.

8. On June 9, 2011 the Kennebec Superior Court held a hearing on the vendors' Motion to Intervene. At that hearing, the Court also heard from the AGME Customer Group on their Motion to Intervene, but reserved a formal hearing on that motion for a later time.

9. At the June 9, 2011 hearing, the Receiver stated, through counsel, that the AGME Customer Group lacked standing to intervene even though the Receiver had already filed suit against one of the Group's members, P&L Country Market ("P&L"), and had threatened suit against many more.

10. At the June 9, 2011 hearing, Justice Robert Murray suggested that the Savings Bank of Maine v. AGME matter may be better served in business court.

11. On or about July 26, 2011, the Receiver applied for the P&L case only to be transferred to business court.

12. P&L objected, stating that it was disingenuous for the Receiver to attempt to transfer the P&L case to business court without also applying to transfer the Savings Bank of Maine v. AGME case to business court.

13. On or about August 26, 2011, The Receiver signed and filed a voluntary bankruptcy case filed under Chapter 11 of the United States Bankruptcy Code.

# ARGUMENT

I. **Introduction**

Title 11 U.S.C. § 305(a) states, in pertinent part,

"305(a)"

> (a) *The court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title at any time if-*
>
> (1) *the interests of creditors and the debtor would be better served by such dismissal or suspension.*

The Court should dismiss this bankruptcy proceeding as it is in the best interests of the debtor and creditors that the debts and assets of AGME continue to be dealt with through the ongoing state court proceedings. There are several factors, relevant to pertinent case law, present in this case which weigh heavily in favor of abstention. These factors should be assessed individually and given weight according to their significance in preserving the best interests of the debtor and creditors.

"In determining whether dismissal under § 305 is appropriate, courts must look to the individual facts of each case." In re Spade, 258 B.R. 221, 231 (Bankr. LEXIS 66). "The focus on the individual facts of each case recognizes that the interests of the debtor and the creditors which must be weighed under § 305 are unique and individual to each case." In re Iowa Trust, 135 B.R. 615, 621 (1992 Bankr. LEXIS 34). In Spade, four creditors filed an involuntary chapter 7 bankruptcy petition against the debtor. Id. at 223. When this petition was filed there was an ongoing state law debt-collection case involving the same debts and the same parties to the bankruptcy proceedings. Id. The Court determined that a decision to abstain from hearing a bankruptcy proceeding should be based on factors which are individual to each case. In Spade, specifically, the Court determined that there were four applicable factors which were taken into

account in regards to their decision; motivation of the parties seeking bankruptcy jurisdiction, whether another forum is available to protect the interests of both parties (or there is already a pending proceeding in state court), the economy and efficiency of administration, and the prejudice of the parties. Id. at 231.

**A.     Motivation of the Parties**

As stated above, the Court in Spade first considered the motivation of the party seeking bankruptcy jurisdiction. Id. The court was particularly concerned with the debtor "forum shopping." Id. at 232. They found that abstention was favored when a petition is motivated by a desire to shift the costs of litigating state court collection cases to a bankruptcy trustee or other creditors." Id. Further, in In re Heritage Wood 'N Lakes Estates, Inc., 73 B.R. 511 (Bankr. M.D. Fla. 1987), the court found abstention appropriate when "[t]he debtor, for reasons best known to itself and perhaps the strategy of counsel, determined that it was not going to get the best side of the coin in the state court and looked to go elsewhere to have a new bite at the apple."

The Supreme Court has stated that "a central theme of the Bankruptcy Code is to provide a procedure by which certain insolvent debtors can reorder their affairs, make peace with their creditors, and enjoy a new opportunity in life and a clear field for future effort…" Grogan v. Garner, 49 U.S. 279, 1991. In a case where the chapter 11 case lacks a reorganizational purpose, it also lacks good faith.

In the instant case, the Receiver action has been pending before the Kennebec Superior Court for more than four months. The Debtor is no longer in business and the Debtor's largest asset, the building, has been sold at auction. In fact, at the hearing held before this Court on September 1, 2011, the Receiver testified that the Debtor's real property had been sold and the inventory

liquidated, leaving the only collection of accounts receivable. The Court indicated that it was "mystified" by the Receiver's choice of this Court as a forum of collection and, frankly, the AGME Customer Group is likewise mystified.

The Receiver testified that his motivation behind filing the case in this Court was efficiency. This claim rings disingenuous when one contemplates the facts and history of the receivership case and the pending State Court collection action against P&L. The Receiver stated concerns with the pace of litigation in State Court. However, the Receiver failed to mention that, while he applied to transfer the P&L collection case to business court, he failed to apply for a transfer of the receivership case. Since the issues and claims regarding setoff and recoupment raised by P&L in its answer and counterclaim are mirrored by the whole of the AGME Customer Group in their Motion to Intervene in the receivership case, it is perplexing that the Receiver would choose only one of these closely-related cases to transfer. While the AGME Customer Group is not sure of the Receiver's exact reason for filing a case under the United States Bankruptcy Code, they do not believe that the reason is efficiency. It makes more sense that the Receiver chose to file a voluntary case under Chapter 11 at this time because he fears that the issues now before the Kennebec Superior Court will not be decided in favor of the Bank of Maine, for whom the Receiver has shown an impermissible bias since his appointment. At any rate, the complete lack of a reorganizational purpose raises the specter of bad faith and, as such, the Debtor's attempt at forum shopping makes abstention appropriate in this case.

**B.  Alternative Forum**

The second factor considered in Spade was whether there was another forum available to protect the interests of the parties or if there is already a proceeding pending in state court. Spade, 258 B.R. at 231. Clearly in the case at bar, the Receivership action was pending in the

Kennebec Superior Court at the time the Receiver filed the Petition. The Receiver has given no indication that he believes that the Superior Court is ill equipped to handle the matter or that the parties would not be adequately served by remaining in the Superior Court, he has only stated his concern with the pace of the State Court.

The Debtor proposes a liquidating chapter 11 case which is unnecessary in this matter. Liquidating chapter 11 cases are appropriate where the business is a going concern and the creditors would derive a greater benefit from liquidating the property of the estate while it is operating. AGME ceased operations in April. The building and the inventory have been sold off. The Debtor's schedules and statements list assets as follows: (1) Receiver Account in the amount of $3,215,016.00; (2) Accounts Receivable in the amount of $2,740,495.76; (3) Promissory Notes in the amount of $488,882.74. The Debtor scheduled $6,017,287.00 in a secured claim from Bank of Maine who claims to hold a first priority lien on the accounts receivable, $7,971,034.64 in unsecured priority claims and $8,805,494.38 in general unsecured claims. Based on the representations on the Petition, assuming that Bank of Maine has a perfected interest in the accounts receivable, the trustee would likely abandon the estate's interest and the matter would likely end up being resolved in Kennebec Superior Court. The Debtor simply does not require this federal forum to effectuate his goals.

Title 11 U.S.C. § 1334(b) grants original jurisdiction, but not exclusive jurisdiction to this Court to hear matters arising in or related to cases filed under Title 11. The issue in dispute in the instant case relates to the customer/members' claims for setoff and/or recoupment and the subordination of any such claims to Bank of Maine's lien against the accounts receivable. As this Court pointed out, these are purely State Court questions. In the very recent Supreme Court Opinion in <u>Stern v. Marshall</u>, 131 S. Ct. 2594 (June 23, 2011), the Court found that bankruptcy

judges are not vested with the power to render final determinations on a state court, common-law cause of action when such action neither derives from nor depends upon the bankruptcy law. As the Court pointed out in Stern, "related-to" means "non-core." As such, the AGME Customer Group would most likely make the argument that this Court should not and cannot hear these purely state-court matters. The Kennebec County Superior Court is the best and most appropriate forum for the resolution of these matters and the receivership case and the pending collection litigation should be allowed to continue in that forum.

**C.      Economy and Efficiency**

The third factor the Spade court considered was the judicial economy and efficiency of the administration of the assets of the estate. Id. "The courts have placed great emphasis on the economy of administration of a case, the need for additional administrative expenses, and the duplication of effort." In re Iowa Trust, at 621. In the case at bar, although the Receiver has claimed that a federal forum will provide efficiency to the collection of the remaining accounts receivable, the AGME Customer Group fails to see how that could be possible. The Receiver has filed numerous pleadings in the Kennebec Superior Court, both in the Savings Bank of Maine v. AGME case and the AGME v. P&L case. The AGME Customer Group, including P&L individually, have indicated that they believe they hold claims against the estate. If the members of the AGME Customer Group are indeed found to hold valid claims, whether secured or unsecured, the Receiver is reducing the amount of dividends to creditors by expending legal fees filing complaints and numerous pleadings in state court. This Court has already voiced concerns with the expenditure of legal fees and the use of limited estate assets to litigate in Bankruptcy Court the questions of jurisdiction, authority and appointment of a trustee. The AGME Customer Group, which has stated claims (either secured or unsecured) against the estate

would be forced to expend additional and unnecessary legal fees, only to likely end up back in front of the State Court once the trustee abandons his interest.  The creditors would be better served by remaining in the State Court and thereby refraining from needlessly depleting the meager assets of the estate.

In fact, at each step of the State Court receivership case, the Receiver has shown himself to only be interested in assisting Bank of Maine as a creditor.  When the first Receivership Order was entered by the Superior Court, the Receiver was required only to answer to Bank of Maine.  Thereafter, Camden National Bank objected to the appointment and the Receiver amended the Receivership Order to include provisions for Camden.  Then the vendors and the AG Customer Group moved to intervene and objected to the Receivership Order based on the grounds that the Receiver was impermissibly biased toward Bank of Maine.  Although the vendors were ultimately allowed to intervene, the Receiver, to this date has expended an enormous amount of money to vigorously object to the AGME Customer Group's Motion to Intervene.  Further, the Receiver has spent copious amounts of money that could eventually go to members of the AGME Customer Group as secured and general unsecured creditors, to chase those same members in collection actions, all the while refusing to even acknowledge the members' claims for setoff and recoupment.

The Receiver's vigorously litigious behavior in the State Court has wasted enough money.  If the Receiver would simply engage in meaningful conversations and/or negotiations with regard to the AGME Customer Group's setoff and recoupment claims rather than trying to bury the case under hundreds of pages of pleadings, the State Court matter would move more expeditiously and efficiently.  The AGME Customer Group sees no need to further complicate and exponentially increase the cost of liquidation by effectuating the matter in federal court.

## CONCLUSION

Under Section 305 of the Bankruptcy Code, this Court is granted the power to dismiss any bankruptcy proceedings if the interests of creditors and the debtor would be better served by such dismissal. 11 U.S.C. § 305. The aforementioned case law demonstrates decisions to abstain based on assessing the individual facts of a case, with attention towards an array of determinative factors. When reviewing the facts of the case before this Court it is clear that these determinative factors are present and in favor of abstention. It would appear that the filing of the petition for AGME was an attempt to circumvent the state court's authority and to obtain a more favorable outcome for the receiver in his collection efforts. Such an attempt lacks good faith in that there was no reorganizational purpose intended with the filing and was is merely an attempt to collect. Furthermore, the Superior Court, where the pending state court action which involves the same debts and the same parties has been occurring for approximately four months, is fully equipped to handle the matter and to change forums at this point in the litigation would be overly costly and duplicative in efforts.

Dated: 9/8/2011

Respectfully Submitted,
/s/ Joseph L. Goodman, Esq.
_____

Joseph L. Goodman, Esq.
Goodman Law Firm, P.A.
P.O. Box 7523
Portland, ME 04112
Phone: (207) 775-4335
Fax: (207) 772-2778
Email: joseph@goodmanlawfirm.com

# CERTIFICATE OF SERVICE

I, Joseph L. Goodman, being over the age of eighteen and an attorney of Goodman Law Firm, P.A. of Portland, Maine, hereby certify that on this date, I electronically filed a Response to Order to Show Cause Why the Court Should not Abstain From or Dismiss the Case Pursuant to § 305(a), which was served on the parties listed via ECF.

Dated: September 8, 2011.

/s/ Joseph L. Goodman, Esq.
_____
Joseph L. Goodman, Esq.
Goodman Law Firm, P.A.
P.O. Box 7523
Portland, ME 04112
Phone: (207) 775-4335
Fax: (207) 772-2778
Email: joseph@goodmanlawfirm.com

**VIA ECF**

Fred W. Bopp, III, Esq., on behalf of Other Professional, James Ebbert

Randy J. Creswell, Esq., on behalf of Other Professional, James Ebbert

Shawn Katherine Leyden, Esq., on behalf of Other Professional, James Ebbert

Anthony J. Manhart, Esq., on behalf of Other Professional, James Ebbert

George Marcus, Esq., on behalf of Camden National Bank

Stephen G. Morrell, on behalf of Office of the U.S. Trustee

Jennifer H. Pincus, Esq., on behalf of Office of the U.S. Trustee

Jay S. Geller, Esq., on behalf of The Bank of Maine

Jeremy Fisher, Esq., on behalf of The Bank of Maine